# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **RICHARD PATTON, JR.,** ) | |
| ) | |
| **Petitioner,** ) | Civil Action Number |
| ) | **7:18-CV-08033-AKK** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

Richard Patton, Jr., who is incarcerated in federal prison, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 1. For the reasons explained below, Patton's petition is **DENIED**.

### I.

The federal-custody provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, allows a person incarcerated in federal prison to file a motion in the sentencing court "to vacate, set aside or correct" a sentence on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under AEDPA, the federal petitioner must satisfy six requirements.

First, the petitioner must file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion. 28 U.S.C. § 2255(h); § 2255 Rule 9; *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Second, the motion must be filed in the court where the conviction or sentence was received. *Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012). Third, the petition must be filed within the one-year statute of limitations. 28 U.S.C. § 2255(f). Fourth, the petitioner must be "in custody" at the time of filing the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Fifth, the petition must state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994). And sixth, the petitioner must swear or verify the petition pursuant to 28 U.S.C. § 1746. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). But "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.

After Patton pleaded guilty to armed bank robbery, the undersigned sentenced Patton to a term of imprisonment of 110 months on April 19, 2013. *See* doc. 14 in

case no. 7:12-cr-00362-AKK-TMP-1. This sentence was imposed concurrently with the sentence for a separate bank robbery conviction (case no. 7:12-cr-0307-AKK-JEO) and the sentence for escape from custody (case no. 5:12-cr-0073-AKK-TMP). *See* doc. 14 in case no. 7:12-cr-00362-AKK-TMP-1. Patton did not file a direct appeal. *See* doc. 1 at 2. As a result, his conviction became final on May 3, 2013.[1] Patton filed this § 2255 motion regarding his conviction and sentence in case no. 7:12-cr-00362-AKK-TMP-1 on November 5, 2018. *See id.*

### III.

Patton asks this court to vacate his conviction and sentence based on the following: (1) he is actually innocent, doc. 1 at 4; (2) he received ineffective assistance of counsel, *id.* at 6; (3) he was denied the right to counsel, *id.*; and (4) he was denied the privilege against self-incrimination, *id.* The court first addresses Patton's "actual innocence" argument before turning to his constitutional claims.

### A.

Patton asserts that his conduct did not fall within the provisions of the federal armed bank robbery statute, meaning he is actually innocent. Doc. 1 at 4. As an

---

[1] When a defendant does not appeal the original judgment of conviction, the judgment becomes final when the time for filing a direct appeal expires. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). The Federal Rules of Appellate Procedure provide that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A). In Patton's case, the fourteenth day from April 19, 2013, was May 3, 2013.

3

initial matter, however, this argument is untimely. As stated, Patton's conviction became final on May 3, 2013. Patton had until May 3, 2014 to raise these arguments on a § 2255 motion. Patton has not provided an effective justification, like an obstacle created by the government or an inability to discover the facts underlying the allegations despite due diligence, to explain why he waited to raise these issues. *See* 28 U.S.C. § 2255(f).[2] Rather, Patton asserts only that AEDPA's one-year statute of limitations "is null and void." Doc. 1 at 11. As a result, the relief Patton seeks is time-barred.

Nonetheless, the court reviews Patton's claim in further depth.[3] Patton argues that his conviction for armed bank robbery cannot stand because "[his] conduct

---

[2] Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3] *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (discussing "gateway" of "actual innocence" as means through which habeas petitioner can have otherwise barred constitutional claim considered on merits); *see also Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012).

[was] not covered" by 18 U.S.C. § 2113(a) and (d). *Id.* at 15. Patton appears to contend that, because his conviction was for the robbery of the Tuscaloosa County Credit Union, his conduct could not have fallen under the provisions of the federal statute under which he was charged and convicted—a statute that covers the offense referred to as "Armed Robbery of a Federally Insured Credit Union" in his plea agreement. *See id.*; *see also* 18 U.S.C. § 2113(g). However, Patton pleaded guilty to this offense in 2013, *see* doc. 14 in case no. 7:12-cr-00362-AKK-TMP-1, and a plea of guilty "admits all the elements of a formal criminal charge," *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). And a plea is constitutionally valid if it is entered voluntarily and intelligently after the defendant is correctly informed about the essential nature of the charge against him. *Bousley v. United States*, 523 U.S. 614, 618–19 (1998).

To the extent Patton thus challenges the constitutionality of his plea, the "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.*[4] There are, however, two general

---

[4] Patton asserts that he did not raise this argument in a direct appeal because "[t]he claim could not be presented without further factual development," potentially bringing his claim within an exception to this procedural default rule. Doc. 1 at 5; *Bousley*, 523 U.S. at 621–22. The Supreme Court in *Bousley* reaffirmed that this exception, recognized in *Waley v. Johnston*, 316 U.S. 101 (1942), only covers guilty pleas that were involuntarily entered due to government coercion—not guilty pleas that were allegedly unintelligent due to erroneous information or instruction. *See Bousley*, 523 U.S. at 622; *see also Weinacker v. United States*, No. 16-17153-E, 2017 WL 5665450, at *4 (11th Cir. June 16, 2017). Thus, because Patton alleges "incorrect advice from the court and counsel in deciding to plead guilty," not coercion by the government, doc. 1 at 6, his claim does not fall within this exception.

exceptions to this procedural bar. First, a petitioner can "show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (emphasis in original); *see also Bousley*, 523 U.S. at 622. Second, the petitioner can show he is "actually innocent." *Id.* The court understands Patton to be arguing "actual innocence," doc. 1 at 4, and Patton does not appear to argue that his claim falls within the "cause and prejudice" exception.

To establish actual innocence, Patton must show that, given all of the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 622 (citing *Schlup*, 513 U.S. at 327–28); *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998). "This exception is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." *Lynn*, 365 F.3d at 1235 n.18. Here, Patton does not point to any evidence establishing his innocence. Rather, he argues only that his conduct "[was] not covered" by 18 U.S.C. § 2113, meaning his conviction and sentence "[were] for an act that the law does not make criminal." Doc. 1-1 at 2. He does not provide factual support for this point and appears to acknowledge that the credit union at issue was indeed federally insured. *See id.* at 1 ("The accused (Patton) was charged in the information for the robbery of the Tuscaloosa County Credit Union. The deposits were then insured by the National Credit Union Association.").

6

Unfortunately, this does not meet the strict exception for actual, factual innocence, rather than legal innocence. *See Bousley*, 523 U.S. at 622. Patton's § 2255 motion therefore must be denied on this ground.

B.

Patton also asserts a violation of his Sixth Amendment right to counsel, a violation of his Fifth Amendment privilege against self-incrimination, and ineffective assistance of counsel. However, these constitutional arguments are time-barred, as he failed to raise them within one year of his conviction becoming final and does not assert that the one-year limitations period began to run on a later date. *See* 28 U.S.C. § 2255(f). Moreover, Patton has procedurally defaulted his Sixth Amendment right to counsel and Fifth Amendment self-incrimination arguments by failing to raise them on direct appeal, *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), and as stated, he neither argued cause and prejudice nor provided evidence of actual innocence, *see infra* § III.A; *Lynn*, 365 F.3d at 1235.[5]

However, there is an exception to the procedural default rule for a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). To succeed on his ineffective assistance of counsel claim, Patton must show

---

[5] The court also notes that in his plea agreement, Patton waived the right to challenge his conviction and sentence under § 2255 in all except three instances: "[a]ny sentence imposed in excess of the applicable statutory maximum sentence(s)," "[a]ny sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed," and "ineffective assistance of counsel." *See* doc. 10 in case no. 7:12-cr-00362-AKK-TMP-1.

that counsel's representation "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). If a defendant fails to satisfy either prong, the court does not need to address both. *Id.* Where, as here, the petitioner challenges counsel's performance in the petitioner's decision to plead guilty, the petitioner must allege that, if he had received adequate advice, he would have chosen to go to trial instead of pleading guilty. *Weinacker*, 2017 WL 5665450, at *5 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Patton asserts that he "justifiably relied on incorrect advice from the court and counsel in deciding to plead guilty." Doc. 1 at 6. However, Patton does not state the advice on which he relied when pleading guilty or the aspects of the advice that were incorrect and therefore deficient. He also does not allege that he would have chosen to go to trial instead of entering a guilty plea, and so he cannot establish prejudice. Accordingly, Patton has not asserted a valid claim for ineffective assistance of counsel.

## IV.

In light of the foregoing, the court finds that Patton's arguments are time-barred, are procedurally defaulted, or fail to establish a sufficient basis to vacate his

sentence under 28 U.S.C. § 2255.  Accordingly, his § 2255 petition is **DENIED**.  A separate order in accordance with this memorandum opinion will be entered.

    **DONE** the 15th day of September, 2021.

_____<br>
**ABDUL K. KALLON**<br>
UNITED STATES DISTRICT JUDGE